IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GEORGE OLIVER HARRISON, JR.,
*individually and as a*
*representative of the class*,

   Plaintiff,

v.            CIVIL NO. 3:19-cv-381

               JURY TRIAL DEMANDED

PARTNERSHIP SCREENING
INTERNATIONAL, INC.,

SERVE: G. Wythe Michael
     4501 Highwoods Pkwy, Suite 210
     Glen Allen, Virginia 23060

   Defendant.

## CLASS ACTION COMPLAINT

COMES NOW, Plaintiff George Oliver Harrison, Jr. ("Plaintiff"), on behalf of himself and the classes set forth below and states as follows:

## INTRODUCTION

1. This is a consumer class action for damages, costs and attorneys' fees under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA") brought against Partnership Screening International, Inc. ("Defendant" or "PSI"), a screening company that routinely violates the FCRA's basic protections by failing to ensure that the driving and criminal record information it reports is reportable under the law, that the information it provides it accurate, and by failing to provide consumers with timely notice when it provides information to others.

2. The claims herein are directly related to and/or derived from CoreLogic National Background Data and the cases litigated against it.

3. Recognizing that the content of consumer reports can have a significant impact on people's lives, Congress has chosen to regulate the procurement, use, and content of those reports through the FCRA.

4. The FCRA unambiguously forbids reporting any adverse information on consumers, other than *convictions* of crimes, which predates the report by more than seven years. *See* 15 U.S.C. § 1681c.

5. Plaintiff seeks to hold Defendant accountable for its willful and systemic violations of the FCRA. Defendant has willfully violated the FCRA by reporting adverse non-conviction information which is more than seven years old. Additionally, Defendant fails to follow reasonable procedures necessary to ensure maximum possible accuracy in the reports it sells, and fails to provide consumers timely notice of the fact that it furnished an employment purposed report.

6. Defendant is a consumer reporting agency (a "CRA") that maintains an extensive database of public record information regarding individual consumers. It sells consumer reports generated from the database and furnishes these consumer reports to employers for use in making decisions, including employment decisions regarding current and potential employees. But it also obtains and resells its public record information from third-party CRA CoreLogic, a source without meaningful accuracy safeguards of its own and one that this Defendant has continued to hide from end-users and consumers.

7. In 2017, Defendant reported to a potential employer, non-party GRTC Transit System ("GRTC"), that Plaintiff was "guilty" of a traffic infraction in Virginia in 2008 for failing to yield.

8. Defendant also reported the traffic infraction in a manner upon which a reader – including employer end-users – could conclude was and understand to be a *criminal* charge, reported within Defendant's "Criminal Index" section, even though the conviction was for a traffic infraction, a non-criminal adjudication.

9. In Virginia, like in many states, "infractions" are not criminal convictions, but are instead non-criminal in nature. *See, e.g.*, Va. Code Ann. § 18.2-8. This means that under the FCRA, which explicitly forbids the reporting of non-convictions older than seven years, the information about Plaintiff could not be lawfully reported.

10. Defendant also inaccurately reported that Plaintiff's "Arrest Date" for the traffic infraction was September 11, 2008, when in fact, court records show that Plaintiff was never arrested for the traffic infraction.

11. Defendant reported that derogatory information to Plaintiff's potential employer. Because this record was not a criminal conviction, it could not lawfully be reported.

12. Defendant failed to provide Plaintiff timely and lawful notice that it was furnishing an employment purposed consumer report at the time it furnished the report. Because Defendant does not have in place *a priori* "strict procedures" designed to ensure that it did not report any incomplete or any records that were not up to date, such notice was required under 15 U.S.C. § 1681k(a).

13. Plaintiff brings class claims against Defendant for its systematic failure to provide notice to consumers "at the time" it provides information to potential employers that is likely to adversely affect the consumer's ability to obtain employment. *Id.* § 1681k(a)(1). Defendant reported

to Plaintiff's potential employer criminal convictions but failed to provide Plaintiff contemporaneous notice of that reporting.

14. Defendant cannot rely on the alternative to contemporaneous notice provided-for in Section 1681k(a)(2), the maintaining of strict procedures designed to ensure that public-record information it reports is "complete and up-to-date." Discovery will show that Defendant does not maintain any such procedures, instead attempting, and failing, to rely on the contemporaneous notice provision of Section 1681k(a)(1).

15. Plaintiff also brings a class claim for violations of 15 U.S.C. § 1681c(a), as Defendant created a consumer report containing non-conviction criminal history that predates the report by more than seven years.

16. Plaintiff further brings class claims against Defendant under 15 U.S.C. § 1681e(b), as Defendant's report about him inaccurately stated that Plaintiff had been arrested. Plaintiff was not arrested in connection with his traffic infraction, and the original court records Defendant supposedly was communicating in the report about Plaintiff indicate that Plaintiff was not arrested. Had Defendant put in place reasonable procedures to ensure the maximum possible accuracy of the information it reported; the record of arrest would not have been included in Plaintiff's report.

## **PARTIES AND JURISDICTION**

17. Plaintiff Harrison is a natural person and "consumer" as protected and governed by the FCRA.

18. Plaintiff resides within the territorial confines of the Eastern District of Virginia, Richmond Division.

19. Partnership Screening International, Inc. is a Virginia corporation headquartered in Richmond, Virginia. Defendant provides consumer reports for employment purposes to

4

prospective employers. Defendant is a consumer reporting agency as contemplated by the FCRA, 15 U.S.C. § 1681a. Defendant is regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports to third parties, including within this District and Division.

20. The Court has personal jurisdiction over Defendant. Defendant is headquartered in this Division and District, conducts background checks on individuals in this District, and obtains judicial records from courts and other sources in this District.

21. To assemble these reports, Defendant accesses, stores and reproduces court records and other public records obtained by its vendor-sources from courts and other government entities in this District.

22. Defendant is a consumer reporting agency because, in exchange for monetary fees, it assembles information on consumers which it compiles into reports which it sells to third parties. Specifically, it aggregates criminal and driving records of consumers into consumer reports which it sells to employers to use for employment purposes. Defendant uses interstate commerce, including the internet, in generating and providing these reports.

23. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

24. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District, including but not limited to the underlying infractions.

## STATUTORY BACKGROUND

25. The FCRA was enacted to ensure that CRAs report information in a manner that is "fair and equitable to the consumer," and "with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. §§ 1681a, 1681b.

26. Among a number of substantive restrictions on what information may appear in a consumer report, the FCRA prohibits the reporting of arrest and other law enforcement records that predate the report by more than seven years, unless those records are a record of conviction. Specifically, a CRA may not report:

> (2) Civil suits, civil judgments, and records of arrest that from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period . . .
>
> (5) Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years.

15 U.S.C. § 1681c(a). The job for which Plaintiff applied would not reasonably have paid more than $75,000 per year, so the exemptions in 15 U.S.C. § 1681(b)(3) does not apply.

27. The FCRA demands that consumer reporting agencies like PSI use "reasonable procedures to ensure maximum possible accuracy" of the information they report. 15 U.S.C. § 1681e(b).

28. Additionally, 15 U.S.C. § 1681k(a) requires CRAs to provide timely and lawful notice that they are furnishing an employment purposed consumer report that contains negative information at the time they did so. This important requirement is intended to provide consumers immediate notice of the furnishing of the employment report and details necessary to preemptively contact the consumer-reporting agency to obtain and, as appropriate, correct or

discuss derogatory information in the furnished report. It also was intended to alert the consumer to the employer's use of the report to provide them the opportunity to address any concerns or derogatory history in the report directly with the employer.

## **DEFENDANT IS A CONSUMER REPORTING AGENCY**

29. The FCRA defines a "Consumer Reporting Agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

30. In turn, the FCRA defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for . . . employment purposes." 15 U.S.C. § 1681a(d)

31. Defendant is a consumer reporting agency because, in exchange for monetary fees, it assembles information on consumers which it compiles into reports which it sells to third parties. Specifically, it aggregates criminal and driving records of consumers into consumer reports which it sells to employers, knowing that those employers are using the reports for employment purposes. Defendant uses interstate commerce, including the internet, in providing these reports.

# FACTUAL ALLEGATIONS RELATING TO PLAINTIFF

32. In May 2017, Plaintiff Harrison applied for a job with non-party GRTC Transit System ("GRTC") in which he would have made less than $75,000 per year, a salary level that was greater than for the employment positions regarding which Defendant furnished its reports during the class period.

33. That same month, on information and belief, Defendant prepared a report on Plaintiff, and provided it to GRTC for a fee.

34. To prepare that report, it purchased unfiltered public records data from its vendors, which records were not otherwise aged or accuracy filtered.

35. The consumer report included a 2008 traffic infraction from Richmond City General District Court, Virginia for failure to yield, brought under Virginia's Motor Vehicle Code (Tile 46.2) rather than its Criminal Code (Title 18.2). The report included the traffic infraction within the "Instant Criminal Index" inaccurately suggesting that the infraction was under the Criminal Code, and even inaccurately reported a supposed "Arrest Date" (September 11, 2008).

36. Plaintiff was not arrested on September 11, 2008, and court records accurately reflect this fact. This information is publicly available on the Internet through the Virginia Court System database, at www.courts.state.va.us/caseinfo/home.html, or by reviewing the paper copy of the ticket available for free at the Richmond General District Court in Richmond, Virginia.

37. Plaintiff never received a letter or any other communication from Defendant "at the time" his report was furnished to GRTC.

38. Plaintiff was not hired by GRTC.

39. In Virginia, traffic infractions are non-criminal. VA. CODE ANN. § 18.2-8 ("Traffic infractions are violations of public order as defined in § 46.2-100 and not deemed to be criminal in nature."). Because traffic infractions are not criminal convictions, they cannot be reported more than seven years after the fact. By reporting the outdated non-criminal infraction on its report, Defendant violated § 1681c.

40. However, consistent with its procedures, Defendant made no effort to ensure that it correctly reported whether Plaintiff was arrested.

41. Defendant's reporting of the arrest was inaccurate and occurred because Defendant failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of the background reports it publishes and maintains regarding consumers.

42. If Defendant had followed such procedures, it would have been evident that Plaintiff was not arrested.

43. This inaccurate information was reported to Plaintiff's prospective employer. As a result of this negative reporting, Plaintiff suffered actual damages, including but not limited to damage to his reputation and loss of employment opportunities.

### FACTS REGARDING DEFENDANT'S WILLFULNESS

44. In addition to the conduct set forth above, Defendant's willful conduct is further reflected by, *inter alia*, the following:

   a. Defendant takes no action to determine if the records older than seven years it reports are criminal convictions or not. This failure is unreasonable and willful;

   b. Defendant could have easily determined, through an internet search or by pulling the ticket at Richmond General District Court, that Plaintiff had not been arrested;

c. The FCRA was enacted in 1970; Defendant has had 46 years to become compliant;

d. Defendant is a corporation with access to legal advice through its own general counsel's office and/or outside litigation counsel. Yet, there is no contemporaneous evidence that it determined that its conduct was lawful;

e. Defendant knew or had reason to know that its conduct was inconsistent with FTC guidance, case law, and the plain language of the FCRA;

f. Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless;

g. Defendant had actual knowledge that the source of its records – CoreLogic – had been sued and subject to decisions in this Court regarding its lack of any meaningful accuracy and completeness filter and thus was not a source upon which Defendant could reasonably rely; and

h. Defendant's violations of the FCRA were repeated and systematic.

45. At all times relevant hereto, Defendant's conduct was willful and carried out in knowing or reckless disregard for consumers' rights under the FCRA. Defendant's conduct was intentionally accomplished through its intended procedures; these procedures have continued despite the fact that other consumer reporting agencies have been subject to court decisions and consumer complaints critical of similar conduct; and Defendant will continue to engage in this conduct because it believes there is greater economic value in selling over-inclusive consumer reports than in producing accurate reports.

## CLASS ACTION ALLEGATIONS

46. Plaintiff brings Count I as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Obsolete Records Class, defined as:

> All natural persons upon whom Defendant produced a report which included traffic or criminal public records that were more than seven years old, and which were not

criminal convictions, at any time from the date five years prior to the filing of this Complaint and continuing through the resolution of this case.

47. Plaintiff brings Count II as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the 1681k Class, defined as:

> All natural persons residing in the United States (a) who were the subject of a report sold by Defendant; (b) where Defendant's database indicates that the report was furnished for an employment purpose; (c) where Defendant's database showed that the report contained at least one adverse Virginia criminal or traffic record hit; (d) at any time from the date five years prior to the filing of this Complaint and continuing through the resolution of this case.

48. Plaintiff brings Count III as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the 1681e(b) No Arrest Sub-Class, defined as:

> All natural persons residing in the United States (a) who were the subject of a report sold by Defendant; (b) where Defendant's database indicates that the report was furnished for an employment purpose; (c) where Defendant's database showed that an arrest date was reported for a criminal or traffic record when in fact court records reflect the individual was not arrested; (d) at any time from the date five years prior to the filing of this Complaint and continuing through the resolution of this case.

49. Plaintiff also brings Count III as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the 1681e(b) Traffic Records Sub-Class, defined as:

> All natural persons residing in the United States (a) who were the subject of a report sold by Defendant; (b) where Defendant's database indicates that the report was furnished for an employment purpose; (c) where Defendant's report included a traffic record that under its state law would not be classified as a criminal record; (d) but the case appears under the "Instant Criminal Index" heading; (d) at any time from the date five years prior to the filing of this Complaint and continuing through the resolution of this case.

50. Class certification is appropriate under Fed. R. Civ. P. 23(a).

51. **Numerosity:** The classes are so numerous that joinder of all Class Members is impractical. Given the volume of Defendant's business, there are hundreds or thousands of Class Members.

52. **Typicality:** Plaintiff's claims are typical of the members of the Classes. It is typical for Defendant to produce consumer reports which include derogatory, non-criminal information over seven years old. It is also Defendant's policy to not send 1681k notices or utilize reasonable procedures to ensure the maximum possible accuracy of arrest records it reports. Plaintiff's claims therefore derive from the same failings in Defendant's processes and procedures as do the claims of absent Class Members. A decision on Plaintiff's claims is essentially a decision on Class Members' claims. The FCRA violations suffered by Plaintiff are typical of those suffered by other Class Members, and Defendant treated Plaintiff consistently with other Class Members in accordance with its standard policies and practices.

53. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Classes because he and his experienced counsel are free of any conflicts of interest and are prepared to vigorously litigate this action on behalf of the class.

54. **Commonality:** This case presents common questions of law and fact, including but not limited to:

   a. Whether Defendant reported out of date records about Plaintiff and Class Members in violation of § 1681c(a);

   b. Whether Defendant violated the FCRA by failing to send timely and lawful notices to Plaintiff and Class Members in violation of § 1681k(a)(1) or otherwise complied with § 1681k(a)(2).

    c. Whether Defendant failed to use "reasonable procedures to ensure maximum possible accuracy" of the information it reported about Plaintiff and Class Members, in violation of § 1681e(b);

    d. Whether Defendant's violations of the FCRA were willful; and

    e. The proper measure of damages.

Resolution of these questions can be made by the Court on a class wide basis, using common proof of Defendant's processes, policies, and procedures in creating consumer reports in the employment context.

55. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because, *inter alia*, questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the classes do not have an interest in pursuing separate actions against Defendant, as the amount of each Class Member's individual claim is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Members' claims in a single forum.

56. In view of the complexities of the issues and the expenses of litigation the separate claims of individual Class Members are insufficient in amount to support separate actions.

57. Yet, the amount which may be recovered by individual Class Members will be large enough in relation to the expense and effort of administering the action to justify a class action. The administration of this action can be handled by class counsel or a third-party administrator, and the costs of administration will represent only a small fraction of the ultimate recovery to be achieved.

58. Plaintiff intends to send notice to all members of the Classes to the extent required by Rule 23(c)(2). The names and addresses of the class members are available from Defendant's records.

### COUNT I
### 15 U.S.C. § 1681c(a)
### *Inclusion of Obsolete Information*
### *On Behalf of Plaintiff and the Obsolete Records Class*

59. Plaintiff incorporates the paragraphs above.

60. Defendant violated 15 U.S.C. § 1681c by reporting non-conviction traffic and criminal records which were older than seven years.

61. The foregoing violations were also willful. Defendant acted in deliberate, and reckless disregard of its obligations and the rights of Plaintiff and class members under 15 U.S.C. § 1681c.

62. As a result of these violations, Plaintiff and putative Class Members suffered damages to their reputation and loss of employment opportunities.

63. Because of Defendant's willful violations, Plaintiff and members of the Obsolete Records Class are entitled to statutory damages of not less than $100 and not more than $1,000 for

this violation. Plaintiff and members of the putative class are also entitled to punitive damages and to recover costs and attorneys' fees.

## COUNT II
### 15 U.S.C. § 1681k(a)
*Failure to Provide 1681k(a)(1) Notice or Otherwise Comply with 1681k(a)*
*On Behalf of Plaintiff and the 1681k Class*

64. Plaintiff incorporates the paragraphs above.

65. Defendant violated 15 U.S.C. § 1681k(a) as it neither designed or maintained strict procedures to ensure that it only furnished the complete and current version of the public records it reports and also failed to send the required § 1681k(a)(1) notice to Plaintiff at the time that it provided an employment-purposed consumer report that contains public record information that is likely to have an adverse effect on a consumer's ability to obtain or maintain employment.

66. The foregoing violations were also willful. Defendant acted in deliberate, and reckless disregard of its obligations and the rights of Plaintiff and class members under 15 U.S.C. § 1681k.

67. Because of Defendant's willful violations, Plaintiff and members of the 1681k Class are entitled to statutory damages of not less than $100 and not more than $1,000 for this violation. Plaintiff and members of the putative class are also entitled to punitive damages and to recover costs and attorneys' fees.

## COUNT III
### 15 U.S.C. § 1681e(b)
*Failure to Establish Reasonable Procedures to Assure Maximum Possible Accuracy*
*On Behalf of Plaintiff and the No Arrest Class and the Traffic Records Class*

68. Plaintiff incorporates the paragraphs above.

69. Defendant violated 15 U.S.C. § 1681e(b) as to the Plaintiff and both the No Arrest Class and the Traffic Records Class by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding Plaintiff and the putative class members.

70. As a result of these violations, Plaintiff and putative Class Members suffered damages to their reputation and loss of employment opportunities.

71. The foregoing violations were also willful. Defendant acted in deliberate, and reckless disregard of its obligations and the rights of Plaintiff and class members under 15 U.S.C. § 1681e(b).

72. Because of Defendant's willful violations, Plaintiff and members of both the No Arrest Class and the Traffic Records Class are entitled to statutory damages of not less than $100 and not more than $1,000 for this violation. Plaintiff and members of the putative classes are also entitled to punitive damages and to recover costs and attorneys' fees.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the classes, seek the following relief:

a. Determining that this action may proceed as a class action under Rule 23;

b. Designating Plaintiff as the class representatives for the Classes;

c. Designating Plaintiff's Counsel as counsel for the Classes;

d. Issuing proper notice to the class at Defendant's expense;

e. Declaring that Defendant committed multiple, separate violations of the FCRA;

f.  Declaring that Defendant acted willfully and in deliberate or reckless disregard of the rights of Plaintiff and the classes under the FCRA;

g.  Awarding statutory damages as provided by the FCRA;

h.  Awarding punitive damages;

i.  Awarding reasonable attorneys' fees and costs and expenses, as provided by the FCRA;

j.  Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

Respectfully submitted,

Date: May 21, 2019

GEORGE OLIVER HARRISON, JR.

/s/ Leonard A. Bennett
Leonard A. Bennett, VSB #37523
Elizabeth W. Hanes, VSB #75574
Craig C. Marchiando, VSB #89736
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
Email: elizabeth@clalegal.com
Email: craig@clalegal.com

*Counsel for Plaintiff and the Putative Class*